## Case No. 12,773.

### In re SHERWOOD.

[9 Ben. 66; [1] 17 N. B. R. 112.]

District Court, S. D. New York. March 10, 1877.

BANKRUPTCY — TRADER — SALOON KEEPER — DISCHARGE.

A person whose only regular business is keeping a saloon and selling there for cash and on credit, at retail, liquors and cigars bought in quantities, partly on credit, is a "merchant or tradesman," within subdivision 7 of section 5110 of the Revised Statutes, requiring the keeping of proper books of account as a condition to a discharge in bankruptcy.

[In the matter of Benson Sherwood, a bankrupt.]

F. Bien, for bankrupt.

Stewart & Townley and G. W. Palmer, for creditors.

BLATCHFORD, District Judge. The second specification is founded on the seventh sub-division of section 5110, which declares, that a discharge shall not be granted, if the bankrupt, being a merchant or tradesman, has not at all times kept proper books of account. The bankrupt, from March, 1875, to March 1, 1876, carried on what he called "a regular saloon business—liquors and cigars." He says that he had no other business "worth speaking about" during the period he was conducting the saloon business, although, perhaps, he built during that time two stages in theatres. He conducted his saloon business by buying liquors and cigars in quantities, and some on credit, and selling them at retail for cash and on credit. The only book he kept in that business was what he calls "a pass book of accounts," which book he produces. It does not show his purchases of liquors and cigars during the period it was kept, nor does it show any receipts of money taken in for goods sold for cash, or any payments of cash for any purpose. It contains nothing but accounts against various persons for liquors and cigars sold on credit, and money lent to such persons, and credits of payments thereon. All sales were made in the saloon and the articles were largely consumed there.

It was contended, for the bankrupt, that he was not a merchant or tradesman, in such business, and that it was not necessary for him to keep books of account. I cannot assent to this view. The business was, on the evidence, the only regular business of the bankrupt at the time. He had been in the same business, with a partner, at the same place, for four months before March, 1875. He then bought his partner out and continued the business with regularity and permanence for fourteen months. His bankruptcy schedules show that when his petition

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

was filed, in October 1876, he owed six creditors, for liquors and cigars purchased during such fourteen months. the sum of $1,000. Of such six creditors three have proved their debts, to the amount of over $500. One of these three, with a debt of $35, assents to a discharge. One, with a debt of $282.75, is an opposing creditor. The third, with a debt of $186.06, neither assents nor opposes.

A discharge is refused.